IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BETTY D. ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 1:04-cv-00989DRB |
| vs. | ) | [wo] |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Following administrative denial of her application for disability insurance benefits under Title II of the Social Security Act , 42 U.S.C. §§ 401 et seq., and supplemental security income under Title XVI, 42 U.S.C. §§ 1381 *et seq.*, Betty D. Robinson ("Robinson") received a requested hearing before an administrative law judge ("ALJ") who rendered an unfavorable decision. Because the Appeals Council rejected review, the ALJ's decision became the final decision of the Commissioner of Social Security ("Commissioner"). Judicial review proceeds pursuant to 42 U.S.C. § 405(g) and 28 U.S.C. § 636 (c), and for reasons herein explained, the court concludes that the Commissioner's decision should be affirmed.

**I.   STANDARD OF REVIEW**

Judicial review of the Commissioner's decision to deny benefits is limited. The court cannot conduct a *de novo* review or substitute its own judgment for that of the Commissioner. *Walden v. Schweiker*, 672 F.2d 835 (11th Cir. 1982). This court must find the Commissioner's decision conclusive "if it is supported by substantial evidence and the correct legal standards were applied."

*Kelley v. Apfel*, 185 F. 3d 1211, 1213 (11th Cir. 1999), *citing Graham v. Apfel*, 129 F. 3d 1420, 1422 (11th Cir. 1997).

Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), *citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

If the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the court would have reached a contrary result as finder of fact, and even if the court finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560.

The district court will reverse a Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 1066 (11th Cir. 1994).

## II.  ADMINISTRATIVE FINDINGS

Robinson, age 45 at the time of the hearing, has not engaged in substantial gainful work activity since the alleged onset date of disability. Robinson alleged that coronary artery disease, angina, rotator cuff impingement, carpal tunnel syndrome, abdominal pain and anxiety rendered her disabled as of January 31, 2002. The ALJ found the medical evidence substantiated as severe

impairments only her *coronary artery disease status post angioplasty and stenting, lumbar degenerative spondylosis, right shoulder impingement with probable rotator cuff tear* and *carpal tunnel syndrome*. After considering them individually and in combination, he concluded that they did not meet or equal in severity any impairment listed in 20 C.F.R. Part 404, Appendix 1 to Subpart P. The ALJ deemed "not totally credible" Robinson's allegations of pain and functional limitations and determined that she retained the residual functional capacity ("RFC") to perform her past relevant work as a cashier. Accordingly, the ALJ concluded that Robinson is not disabled.[1]

### III.  ISSUES

Contrary to explicit instructions, Robinson filed an "appeal brief", which does not include a "Statement of the Issues" but instead identifies three "claims on appeal":[2]

1. The Commissioner's decision should be reversed, because it is not supported by substantial evidence.

2. The Commissioner's decision should be reversed, because the ALJ erred in his application of the pain standard to Ms. Robinson's subjective allegations.

3. The Commissioner's decision should be reversed, because the ALJ failed to give

---

[1] R. 21, 25-27. The ALJ's disability analysis followed the five-step sequential evaluation process set forth in 20 C.F.R. §404.1520 and summarized in *Phillips v. Barnhart*, 357 F. 3d 1232 (11th Cir. 2004).

[2] *See* Plaintiff's Appeal Brief at 13 ("*Pl.'s Br.*")(Doc. 11, filed March 1, 2005) *and* Order filed October 21, 2004 (Doc. 3)(directing Plaintiff to a brief in support of her claim(s) and to include in her brief a section titled "Statement of the Issues" which "shall state in a concise, and specific manner each issue which the plaintiff presents to the court for resolution"). The Plaintiff was specifically advised that "general statements of issues such as 'the ALJ's decision is not supported by substantial evidence' will not be considered by the court." *See* Order at n.1. Thus, the court declines to discuss Robinson's general statement challenging the ALJ's decision for substantial evidence and considers only whether substantial evidence supports the findings underlying the two specific issues stated.

adequate weight to Ms. Robinson's treating physicians' opinion and did not provide a sufficient basis for affording no weight to them.

**Plaintiff's counsel is advised that hereafter similar non-compliance with this court's order will result in rejection of the brief.**

## IV.  DISCUSSION

### A.  Application of the Pain Standard and Credibility Assessment

Robinson claims reversible error in the ALJ's rejection of (a) her pain testimony and (b) her treating physician's pain assessment.[3] The Commissioner responds that the ALJ properly applied the pain standard and adequately discredited Robinson's subjective complaints of disabling pain by: (a) "expressly rel[ying] upon evidence concerning [Robinson's] activities of daily living; (b) noting the lack of evidence for any side effects of her medication; and (c) consider[ing] opinions of her treating physicians."[4]

#### 1.  *The Pain Standard*

The Eleventh Circuit continues to adhere to the pain standard articulated in *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) :

> In order to establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part test showing: (1)   evidence of an underlying medical condition; and *either* (a) objective medical evidence confirming the severity of the alleged pain;  *or*  (b) that the objectively determined medical condition  can reasonably be expected to give rise to the claimed  pain.

*Dyer v. Barnhart*, 395 F. 3d 1206, 1210 (11th Cir. 2005); *Wilson v. Barnhart*, 284 F.3d 1219, 1225

---

[3]  *Pl.'s Br.* at 14; Reply to Memorandum of Commissioner's Decision at 2, 4 *("Pl's Reply Br.")* (Doc. 16, filed April 20, 2005).

[4]  Memorandum in Support of the Commissioner's Decision at 8 ("*Def.'s Br.*")(Doc. 12, filed March 30, 2005).

(11th Cir. 2002); *Elam v. Railroad Retirement Board,* 921 F.2d 1210, 1216 (11th Cir. 1991).

A disability finding may be grounded solely on a claimant's subjective testimony supported by medical evidence that satisfies the pain standard. *Foote v. Chater,* 67 F. 3d 1553, 1561 (11th Cir. 1995). If a claimant testifies as to his subjective complaints of disabling pain and other symptoms, the ALJ must articulate explicit and adequate reasons for discrediting the claimant's allegations. *Dyer,* 395 F. 3d at 1210. Failure to articulate the reasons for discrediting subjective testimony requires, as a matter of law, that the testimony be accepted as true. *Cannon v. Bowen,* 858 F.2d 1541, 1545 (11th Cir. 1988). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. *See Marbury v. Sullivan,* 957 F. 2d 837, 839 (11th Cir. 1992); *Hale v. Bowman,* 831 F.2d 1007, 1012 (11th Cir. 1987); *MacGregor v. Bowen,* 786 F.2d 1050, 1054 (11th Cir. 1986); *see also Moore v. Barnhart,* 405 F. 3d 1208 (11th Cir. 2005)(credibility determinations are for the ALJ).

### 2. Analysis: ALJ's Credibility Assessment

The ALJ recited properly his duty to assess the claimant's RFC by considering "all symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence based on the requirements of 20 CFR §§404.1529 and 416.929, and Social Security Ruling 96-7p." He "considered the claimant's subjective allegations of disabling pain and other symptoms and [found] her statements to be less than fully credible since her reported daily activities strongly suggest a higher level of functioning."[5] The ALJ also considered opinions by her treating physicians regarding pain, side effects of

---

[5] R. 26.

medication and functional limitations.[6] As explained *infra*, the ALJ's consideration of her treating physicians' opinions is supported by substantial evidence and proper application of the law. Thus, the court proceeds to analyze whether substantial evidence supports the ALJ's articulated reasons for discrediting Robinson's subjective allegations of pain.

The ALJ summarized Robinson's testimony regarding her daily activities:

> At the hearing, the claimant testified that she lives with an elderly man to "look after him" in exchange for food and housing. She helps him with his oxygen, makes sure he takes his medication, does some cooking, and calls 911 for assistance if needed. She has difficulty reading but reads the Bible…The claimant reported that she takes some college courses with the assistance of a Pell Grant but misses a lot of class session. Her teacher told her that she might have to withdraw until next quarter because of her absences…She goes to church, and Bible study on Wednesdays. She tries to stay busy to keep her mind off her pain.[7]

Robinson acknowledges that for six weeks prior to the hearing she arranged to provide care to an elderly gentlemen in return for food and housing – ensuring that he takes his medication, calling for emergency help if he falls, helping him with his oxygen treatment, cooking "some", cleaning the house that is "never really dirty" – but emphasizes that "everything she does for the

---

[6] The ALJ determined, in relevant part:

> [T]he undersigned agrees with Dr. Beranek and Dr. Alfano that she experiences pain which does not prevent functioning in everyday activities or work. Furthermore, physical activity may increase her pain but not to such an extent as to prevent adequate functioning. She experiences no significant limitation as a result of medication side effects. The Administrative Law Judge has assigned no evidentiary weight to the opinions expressed by Dr. Cotton in his May 13, 2003, physical capacities evaluation and clinical assessment of pain, as they are inconsistent with the conclusions of her other treating physicians and appear based on a very limited treatment relationship.

(R. 26).

[7] R. 25.

gentleman takes maybe an hour per day."[8]  Robinson "missed about two weeks total probably" from Wallace Community College since her enrollment on August 25, 2003, including a week's absence in September due to back problems.  She also reported (a) her teacher's recommendation that since her computer course "goes so fast...it may be better to withdraw and go back the spring quarter if [she] is able to after [she] get[s] these medical problems solved" as well as (b) her inability to sit in class and her need, instead to "mov[e] around" and "walk it out" because if she sits "too long this left side will catch" and "it's like fire or something going through [her] back and down [her] leg."[9]

Robinson's hearing testimony does not compel a finding that the ALJ failed to consider properly her subjective allegations of pain.  While the ALJ may not deny disability benefits based solely upon a claimant's ability to perform minimal daily activities, *see Lewis v. Callahan*, 125 3d 1436, 1441 (11th Cir. 1997), it is unquestioned that he may consider a claimant's daily activities.  20 C.F.R. §404.1529; Social Security Ruling 96-7p; *see also Macia v. Bowen*, 829 F. 2d 1009, 1012 (11th Cir. 1987); *McCray v. Massanari*, 175 F. Supp. 2d 1329, 1337-38 (M.D.Ala. 2001).  Robinson's claim rests solely on the weight she accords to, and her conclusions drawn from, the hearing testimony.

While Robinson may disagree with the manner in which the ALJ took account of the evidence, the court cannot re-weigh the evidence.  *Sewell v. Bowen*, 792 F. 2d 1065, 1067 (11th Cir. 1986); *McCray,* 175 F. Supp. 2d at 1338.  Nor can the court decide the facts anew or substitute its

---

[8]     *Pl.'s Reply Br.* at 3;  R. 700-701, 710.

[9]     R. 694, 707-708.

judgment for that of the ALJ. *See Phillips v. Barnhart*, 357 F. 3d 1232, 1240 n. 8 (11th Cir. 2004). Although this court may have reached a contrary result as the finder of fact, it must affirm the decision if it is supported by substantial evidence. *Edwards v. Sullivan*, 937 F. 2d 580, 584 n. 3 (11th Cir. 1991). Consequently, because substantial evidence supports the ALJ's credibility determination, remand is not warranted. *See Marbury v. Sullivan*, 957 F. 2d 837, 839 (11th Cir. 1992).

### B.   Consideration of Medical Source Opinions for RFC Assessment

Robinson disputes the adequacy of the ALJ's stated reasons for affording no weight to the opinions of her treating physician, Dr. Johnson-Russell,[10] regarding her exertional limitations and pain. Guided by the well-settled law acknowledged by the parties,[11] the court proceeds to analyze the relevant evidence. The conclusion is compelling, as now discussed, that substantial evidence does support the ALJ's rejection of the treating doctor's opinions.

---

[10]   The ALJ's written decision references Dr. Russell Cotton. However, the Commissioner correctly notes that Russell Cotton is a Physician's Assistant under the supervision of Dr. B. Johnson-Russell. Review of the progress notes, PCE and pain form reflect signatures of both P.A. Cotton and Dr. Johnson-Russell. According to the regulations, a physician's assistant is an "other source" while a licensed physician is an "acceptable medical source." *See* 20 C.F.R. §404.1513. Solely as a matter of convenience in referencing, the court identifies only Dr. Johnson-Russell as Robinson's treating physician.

[11]   Substantial weight must be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise. *Phillips v. Barnhart,* 357 F. 3d 1232, 1241(11th Cir. 2004); *Lewis v.* Callahan, 125 F.3d 1436, 1439-1441 (11th Cir. 1997). Good cause exists if the opinion is not bolstered by the evidence, the evidence supports a contrary finding; or the opinion is conclusory or inconsistent with the physician's own medical records. *Phillips*, 357 F. 3d at 1241-42.

*See also* 20 C.F.R. § 404.1527 (d) (When a treating physician's opinion does not warrant *controlling* weight, the ALJ must nevertheless weigh the medical opinion based on the length of the treatment relationship and the frequency of examination; the nature and extent of the treatment relationship; the medical evidence supporting the opinion; consistency with the record a whole; specialization in the medical issues at issue; other factors which tend to support or contradict the opinion.). The ALJ must give "explicit and adequate reasons for rejecting the opinion of a treating physician." *Elam v. Railroad Retirement Board*, 921 F. 2d 1210, 1215 (11th Cir. 1991).

### *1.  Contentions and Opinions*

The ALJ summarized the exertional limitations specified for Robinson in the May 13, 2003 Physical Capacities Evaluation ("PCE") completed by Dr. Johnson-Russell:

> On May 13, 2003, Dr. Russell Cotton, completed a physical capacities evaluation indicating that the claimant is able to lift 10 pounds occasionally or 5 pounds frequently. She can sit for 2 hours total in an 8-hour workday or stand and walk for 1 hour total. She occasionally can perform tasks involving pushing and pulling movement, climbing and balancing, gross manipulation, bending, stooping, or reaching. Dr. Cotton stated that the claimant is rarely able to perform fine manipulation or operate motor vehicles. She is likely to be absent from work one day per month as a result of her impairments.[12]

The ALJ also duly noted the May 13, 2003 Clinical Assessment of Pain form completed by Dr. Johnson-Russell:

> Dr. Cotton also completed a clinical assessment of pain stating that the claimant experiences pain to such an extent as to be distracting to adequate performance of daily activities and work. Physical activity greatly increases her pain to such a degree as to cause distraction from or total abandonment of tasks. Medication side effects are expected to be severe and to limit effectiveness due to distraction, inattention, drowsiness, etc (17F).[13]

The ALJ stated clearly and concisely his reasons for rejecting these opinions of Robinson's disabling pain and exertional limitations:

> The Administrative Law Judge has assigned no evidentiary weight to the opinions expressed by Dr. Cotton in his May 13, 2003, physical capacities evaluation and clinical assessment of pain, as they are inconsistent with the conclusions of her other treating physicians and appear based on a very limited treatment relationship.[14]

Thus, the court proceeds to examine the contention by Robinson that these articulated reasons are

---

[12]   R. 24.

[13]   R. 24.

[14]   R. 26.

meritless because (1) she has an approximate four year treatment relationship with P.A. Cotton and Dr. Johnson-Russell and (2) her other treating physicians' opinions where based solely upon their treatment of a specific impairment while Dr. Johnson-Russell's opinions were based upon treatment for all of her various impairments.[15]

### 2. Evidentiary Analysis

#### (a) Duration of Treatment Relationship

Robinson notes her relationship with Dr. Johnson-Russell approximating four years for treatment of various conditions.[16] The Commissioner concedes that the treatment relationship is greater than the duration found by the ALJ, but contends that there is a "significant gap in this treatment relationship prior to the preparation of the medical source statement" which "reasonably suggests that Dr. Johnson-Russell/P.A. Cotton relied at least in part upon [Robinson's] subjective complaints in making their assessment."[17]

The evidentiary record does reflect a gap of about four months between Robinson's January 6, 2003 follow-up visit with complaints of "numbness, L arm shooting pain- visual and auditory changes" and completion of the the May 13, 2003 PCE and pain form.[18] The court declines to rely on any post-hoc justification for the ALJ's rejection of opinions set forth in the PCE and pain form.

---

[15] Robinson also contends that "it is also unclear whether or not the ALJ considered any of the mental limitations as set forth by the state agency doctors." (*Pl.'s Br.* at 20). Implicit in the ALJ's step-two finding is his rejection of the State agency physician's conclusion that Robinson suffered from a severe medically determinable mental impairment. This court declines any detailed discussion on this contention because unchallenged is the ALJ's step-two finding that Robinson suffers from no severe mental impairment. (R. 25).

[16] *Pl.'s Br.* at 18-19.

[17] *Def.'s Br.* at 11.

[18] R. 313.

10

Evident is the lack of substantial evidence, essentially undisputed by the parties, to support the ALJ's determination that Robinson maintained a "very limited" treatment relationship with Dr. Johnson-Russell.

Nonetheless, the court cannot end the "good cause" inquiry without examining the ALJ's second cited reason for giving no weight to Dr. Johnson-Russell's opinions.

*(b) Inconsistency with Other Treating Physicians*

Supported by substantial evidence is the ALJ's rejection of Dr. Johnson-Russell's PCE and pain form opinions as " inconsistent with the conclusions of her other treating physicians".[19] The ALJ cited reports from two treating physicians– an April 29, 2003 letter, an April 30, 2003 PCE and pain form completed by Dr. Ronald Alfano and a May 12, 2003 PCE and pain form completed by Dr. Steven Beranek.

Robinson does not challenge the ALJ's decision to credit opinions by both Drs. Alfano and Beranek. Instead, she deems inappropriate the ALJ's adoption of these opinions on limitations outside each physician's speciality. Because Dr. Alfano rendered opinions from a cardiac standpoint and Dr. Beranek rendered opinions based upon her carpal tunnel syndrome and shoulder impingement, Robinson urges that Dr. Russell-Johnson is the "only treating source that offered an opinion on [her] overall health".[20] As the basis for the identified limitations, however, Dr. Russell-Johnson's PCE form notes simply : "see attached records",[21] and this notation is insufficient to support any conclusion that she based her opinions on all of the various impairments reflected in

---

[19]    R. 26.

[20]    *Pl.'s Reply Br.* at 5.

[21]    R. 411.

her records.

As the Commissioner correctly notes, the ALJ is not bound to adopt or reject any opinion in toto."[22] To the extent that Robinson's argument suggests that the ALJ must adopt, in full or in part, opinions on disabling limitations or pain rendered by a treating physician, it is without merit. Assessment of RFC falls squarely within the ALJ's province, but it must be based upon all relevant evidence of the claimant's ability to work despite impairments. *Lewis v. Callahan*, 125 F. 3d 1436, 1440 (11th Cir. 1997); *SSR 96-5p*, 1996 SSR LEXIS 2, *5-*7 ("If the case record contains an opinion from a medical source on an issue reserved to the Commissioner, the adjudicator must evaluate all the evidence in the case record to determine the extent to which the opinion is supported by the record."). Thus, the ALJ is not duty bound to adopt an assessment of a claimant's RFC from any source.

While Drs. Alfano and Beranek rendered similar opinions concerning the lifting/carrying limitations and some of the postural limitations, neither physician opined that Robinson had impairments which imposed the degree of functional limitation in sitting, standing or walking set forth in Dr. Johnson-Russell's PCE. Nor did these physicians impose the same degree of functional limitations set forth in the pain form.

In sum, notwithstanding a single discredited reason, the court finds sufficient good cause for the ALJ's rejection of Dr. Johnson-Russell's opinions in his articulation of other reasons which are grounded on substantial evidence and based on correct application of the law.

## V. CONCLUSION

---

[22] *Def.'s Br.* at 10.

Based on the findings and conclusions detailed in this *Memorandum Opinion*, the court concludes that the ALJ's decision is supported by substantial evidence and reflects a correct application of the applicable law. It is, therefore,

**ORDERED** that the decision of the Commissioner is **AFFIRMED.**

A separate judgment is entered herewith.

Done this 23rd day of February, 2006.

/s/ Delores R. Boyd

DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE